UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GINA M. BARRY,                  )
                                )
            Plaintiff,          )
                                )
      v.                        )    No. 4:08-CV-1824-JCH
                                )
S&H TOWING,                     )
                                )
            Defendant.          )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Gina M. Barry for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The complaint**

Plaintiff seeks monetary and injunctive relief in this action against defendant S&H Towing. Plaintiff alleges that defendant "aided another organization in obtaining possession for [her] real property without notice." Plaintiff states that she "was not charge[d] with a crime, nor sent a notice," and thus, "the property must be returned." In addition, plaintiff summarily "concludes that the defendant was involved in Racketeering and Corrupt Organizations." Plaintiff states that the grounds for filing this case in Federal Court are, as follows: "Violation of 4th and 5th Amendments to the U.S. Constitution."

To the extent that plaintiff is attempting to bring this action under 42 U.S.C. § 1983, the complaint is legally frivolous. To maintain an action for intentional or negligent deprivation of

property under § 1983, a plaintiff must show that defendants acted under color of state law, and that she has no adequate post-deprivation state remedy to redress the wrong. <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984); <u>see also</u> <u>Harris v. St. Louis Police Dept.</u>, 164 F.3d 1085 (8th Cir. 1998)(police officer's destruction of plaintiff's bus pass not actionable under § 1983, because plaintiff has adequate postdeprivation remedy in Missouri state court for conversion). Thus, if the taking of property is intentional, and the state provides an adequate postdeprivation remedy, there is no violation of due process. <u>Id</u>.; <u>Parratt v. Taylor</u>, 451 U.S. 527 (1981), <u>overruled on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986); <u>Reese v. Kennedy</u>, 865 F.2d 186, 187 (8th Cir. 1989)(state tort remedies preclude § 1983 claim for deprivation of property); <u>Maples v. United Sav. & Loan Ass'n</u>, 686 S.W.2d 525, 527 (Mo.Ct.App. 1985)(defining conversion as "unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights"). Plaintiff does not allege that she lacks an adequate postdeprivation remedy. Furthermore, regardless of the existence of a state postdeprivation remedy, no due process claim exists if the loss of plaintiff's property was the result of negligence. <u>See</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986); <u>accord</u> <u>Davidson v. Cannon</u>, 474 U.S. 344, 347 (1986); <u>Morton v. Becker</u>, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment due process clause is not implicated by state official's negligent act causing unintended

loss of or injury to life, liberty, or property).  Last, the Court notes that plaintiff does not allege, nor does it appear that, defendant is a state actor under § 1983.  <u>See, e.g.</u>, <u>Parratt v. Taylor</u>, 451 U.S. at 535 (to state § 1983 claim, plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint), <u>overruled on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986).

To the extent that plaintiff is attempting to bring this action under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964, the action is legally frivolous and fails to state a claim or cause of action.  A plaintiff who brings suit under § 1964(c) must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  <u>See</u> <u>Sedima, S.P.R.L. v. Imrex Co.</u>, 473 U.S. 479, 496 (1985); <u>cf</u>. <u>United States v. Darden</u>, 70 F.3d 1507, 1518 (8th Cir. 1995) (describing elements in alternative, but essentially equivalent manner).  In the instant case, plaintiff has not alleged the elements required to state a claim under § 1964(c).

Moreover, liberally construing the complaint as being brought under 28 U.S.C. § 1332, the action should be dismissed for lack of subject matter jurisdiction.  Plaintiff does not allege that the amount in controversy exceeds $75,000, and diversity of citizens is lacking.  <u>See</u> 28 U.S.C. § 1332.

In accordance with the foregoing,

4

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 15th day of December, 2008.

                    **/s/ Jean C. Hamilton**
                    **UNITED STATES DISTRICT JUDGE**